_____

No. 96-1568
_____

United States of America,                    *
                                              *
            Appellee,                         *     Appeal from the United States
                                              *     District Court for the
      v.                                      *     District of Nebraska.
                                              *        [UNPUBLISHED]
William Haney,                                *
                                              *
            Appellant.                        *
_____

                      Submitted: September 10, 1996

                          Filed: October 9, 1996
_____

Before WOLLMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and
     HANSEN, Circuit Judge.
_____

PER CURIAM.


      William Haney appeals from the district court's[1] denial of his motion
to suppress.  We affirm.


                                    **I.**


      On December 11, 1994, Officer Langston Farrish was working as a
security guard at a grocery store in Omaha.  He attempted to speak to a
woman at the store who was visibly upset, but she refused.  When the woman
entered the store for a fourth time, she approached Farrish and identified
herself as Vicki Romano.  She told Farrish that she had been kidnapped by
the man in her car, later identified as Haney, and that he was a convicted
felon and had a gun.

_____

      [1]The Honorable Thomas M. Shanahan, United States District
Judge for the District of Nebraska, adopting the report and
recommendation of the Honorable Kathleen A. Jaudzemis, United
States Magistrate Judge for the District of Nebraska.

Farrish asked Haney to step out of the car and, concerned that Haney had a gun, conducted a pat-down search of him. No weapons were found, and Farrish asked Haney to leave. Haney took his bags out of the car and began walking. When Ms. Romano's car wouldn't start, Farrish discovered that some parts had been taken from the car.

Farrish began to pursue Haney because of Ms. Romano's repeated assertions that Haney had a gun and because he believed that Haney had taken the parts from the car. Haney attempted to flee. When Farrish told Haney to stop, Haney turned towards him. Farrish then saw a chrome object, which he believed was a gun. Farrish drew his weapon and ordered Haney to lay on the ground. When Haney refused to do so, Farrish threw him to the ground and handcuffed him. Farrish then removed a chrome revolver from the pocket of Haney's jacket.

As Farrish was calling for help, Haney jumped up and ran into the home of his neighbor, Jack Cronin. Farrish knocked on the door of Cronin's residence and asked if Haney was inside. Cronin said that he was not. After two witnesses said they saw Haney go into Cronin's residence, Farrish again asked Cronin if Haney was inside and informed Cronin that it was a crime to harbor a fugitive. Cronin allowed Farrish to enter and indicated that Haney was upstairs. Haney was ultimately found hiding in the attic.

Haney was indicted as a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Following the district court's denial of his motion to supress evidence, Haney pleaded guilty, reserving the right to appeal the denial.

## II.

We agree with the district court that at the time of the pat-down search Farrish was possessed of specific, articulable facts

-2-

that would lead a reasonable person to believe that Haney was armed and that it was necessary to search him for a weapon. <u>Terry v. Ohio</u>, 392 U.S. 1, 21 (1968). Furthermore, by the time Haney was restrained and arrested, Farrish had probable cause to believe that Haney was engaged in criminal activity.

Haney contends that the district court erred in holding that he did not have standing to challenge the warrantless search of Cronin's residence. We conclude, however, that the district court's finding that Haney was neither a resident of nor an overnight guest in Cronin's home is not clearly erroneous. Haney thus had no legitimate expectation of privacy in nor standing to challenge the search of Cronin's home, making it unnecessary for us to consider his additional contention that the district court erred in finding that Cronin voluntarily consented to the search.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.